MEMORANDUM *
William Norkunas and the Disabled Rights Action Committee (“DRAC”), through its members Tamara Thompson and Robert Lee, appeal the district court’s decision dismissing their action under the Americans with Disabilities Act (“ADA”) for lack of subject matter jurisdiction. Ruling on defendant Wynn Las Vegas’s (“Wynn”) speaking motion filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the district court held that Plaintiffs lacked standing to sue because they did not present evidence of a definite and concrete plan to avail themselves of the goods and services of Wynn Las Vegas in the future. We affirm.
Standing under Article III of the Constitution is a constitutional limitation on a court’s subject matter jurisdiction and cannot be granted by statute. See Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir.2004) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 576-77, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Because Article III standing is a true jurisdictional question, rather than a question about the sufficiency of the claim, it is properly addressed in a Rule 12(b)(1) motion. Cetacean Cmty., 386 F.3d at 1174; see also Steel Co. v. Citizens for a Better Env’t., 523 U.S. 83, 89, 95-96, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (explaining that a court’s “jurisdiction” is not defeated by the weakness of the merits of the claim unless the claim is “wholly insubstantial and frivolous,” which is a separate inquiry from Article III standing). A Rule 12(b)(1) motion can be made as a speaking motion — or factual attack — when the defendant submits evidence challenging the jurisdiction along with its motion to dismiss, Thornhill Publ’g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir.1979), including in ADA actions, see Savage v. Glendale Union High Sch., 343 F.3d 1036,1039-40 & n. 2 (9th Cir.2003). A proper speaking motion allows the court to consider evidence outside the complaint without converting the motion into a summary judgment motion. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir.2004). Here, Wynn submitted a proper speaking motion, and supported it with evidence of Plaintiffs’ prior litigation history.
“Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.” Savage, 343 F.3d at 1039-40, n. 2. In a speaking motion, “[t]he court need not presume the truthfulness of the plaintiffs allegations.” Safe Air, 373 F.3d at 1039. Though Plaintiffs may have overcome a factual attack on standing based upon their prior litigation history through an affidavit or declaration specifying a definite intent to return, here Plaintiffs submitted no evidence beyond their complaint to the district court. See D’Lil v. Best Western Encina Lodge & Suites, 538 F.3d 1031, 1040 (9th Cir.2008) (noting plaintiffs history of past litigation does not affect current litigation where plaintiff identified specific reasons supporting a definite intent to return to defendant’s business). Based upon this waiver, Plaintiffs did not carry their burden of proof to *271 establish jurisdiction and the district court properly dismissed the action.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.